**FILED**
MAR 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ziad Akl, MD  10410 GLEN ROAD )
          POTOMAC MD )
    Plaintiff,    20854 )
          703-981-3492 )
          )   Case: 1:08-cv-00461
    v.      )   Assigned To : Walton, Reggie B.
          )   Assign. Date : 3/18/2008
HONORABLE MICHAEL LEAVITT,  )   Description: FOIA/Privacy Act
SECRETARY OF THE UNITED STATES )
DEPARTMENT OF HEALTH AND  )
HUMAN SERVICES  c/o Office of General Counsel
          200 Independence Ave. SW
    Defendant.   Room 713-F, Washington DC 20201

## COMPLAINT

Plaintiff, Ziad Akl, M.D., F.A.C.P., *pro se*, brings this Complaint for legal, declaratory and injunctive relief against Defendant Michael Leavitt, Secretary of the United States Department of Health and Human Services, Defendant herein, in his official capacity, as follows:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to the provisions of 5 U.S.C. § 552a(d)(3), 5 U.S.C. § 552a(e)(5) and (6), 5 U.S.C. § 552a(g)(1)(A) and (D), 5 U.S.C. § 552a(g)(2), (4) and (5), 28 U.S.C. § 1331, and 28 U.S.C. § 1651.

2. Venue is proper under 5 U.S.C. § 552a(g)(5).

3. Plaintiff is a Board-certified physician licensed to practice medicine in the District of Columbia, Virginia and Maryland.

4. Defendant is the Secretary of the United States Department of Health and Human Services ("DHHS") and is sued in his official capacity only.

1

5. DHHS is an agency of the United States government, headquartered in the District of Columbia.

6. The Bureau of Health Professions, Health Resources and Services Administration (the "Bureau") is a component of DHHS, located in Rockville, Maryland.

7. The Bureau is responsible for maintaining the National Practitioner Data Bank (the "NPDB").

8. The Division of Practitioner Data Banks (the "Division") is the component of the Bureau and DHHS which maintains the NPDB.

## HEALTH CARE QUALITY IMPROVEMENT ACT
## NATIONAL PRACTITIONERS' DATA BANK

9. Congress enacted the Health Care Quality Improvement Act ("HCQIA" or the "Act") in 1986. 42 U.S.C. §§ 11101 *et seq*.

10. The purpose of the Health Care Quality Improvement Act of 1986 is to protect patients from incompetent physicians and to establish a data bank to collect information relating to professional competence or conduct which could affect adversely the health or welfare of patients.

11. Congress ordered that information, required to be reported under the Act, shall be reported to the Secretary of DHHS or, in the Secretary's discretion, to an appropriate public or private agency. 42 U.S.C. § 11134.

12. The Secretary created the National Practitioners' Data Bank.

13. Congress delegated to the Secretary the authority to issue regulations to implement the program. 42 U.S.C. § 11134.

14. Congress specially did not include any language in said statutes which exempts the NPDB from the provisions of the Privacy Act. 5 U.S.C. § 552a, *et seq*.

15. The Secretary does not have general authority to exempt his department from the provisions of the Privacy Act.

16. The Secretary's limited authority to exempt application of the Privacy Act only relates to criminal law enforcement, which is unrelated and not applicable to the HCQIA and the NPDB.

17. The Secretary recognized the authority of the Privacy Act over the HCQIA when the Secretary issued regulations pertaining to the NPDB.

18. The Secretary recognized the authority of the Privacy Act over the HCQIA and the NPDB when the Secretary issued the regulations found at 45 C.F.R. Part 60.

19. The Secretary recognized the authority of the Privacy Act over the HCQIA when the Secretary issued the Guidebook pertaining to the NPDB.

20. In the NPDB Guidebook, the Secretary recognized the applicability and authority of the Privacy Act over the HCQIA and the NPDB. The Secretary created the National Practitioners' Data Bank.

21. Congress delegated to the Secretary the authority to issue regulations to implement the program. 42 U.S.C. § 11134.

22. Congress specially did not include any language in said statutes which exempts the NPDB from the provisions of the Privacy Act. 5 U.S.C. § 552a, *et seq.*

23. The NPDB Guidebook specifically states: "The Privacy Act and the NPDB: [t]he Privacy Act (5 USC §552a) protects the contents of Federal systems of records on individuals, like those in the NPDB from disclosure without the individual's consent, unless the disclosure is for a routine use of the system of records as published annually in the Federal Register."

24. The NPDB is a system of records maintained by an agency of the federal government.

25. The NPDB contains records of reports of malpractice settlements, malpractice awards and adverse disciplinary actions such as suspensions, terminations from medical staffs and losses of licenses to practice. ("NPDB reports").

26. The class of medical practitioners for which the NPDB contains records includes, inter alia, physicians.

27. NPDB reports contain the name or other individual identifier of the practitioner and are retrievable by reference to the name or other individual identifier.

28. Hospitals and other statutorily specified categories of persons are required to report certain events involving medical practitioners to the NPDB.

29. DHHS is authorized to disseminate NPDB reports on individually identifiable medical practitioners to a restricted class of persons which includes private and public hospitals, boards of medical examiners and other state licensing boards, other health care entities considering employment or affiliation of a practitioner or engaged in the activity of professional review, professional societies, and persons within DHHS in the course of their duties.

30. Such persons use NPDB reports in evaluating the qualifications and character of applicants for employment, licensing and/or credentialing of medical professionals.

## FACTS REGARDING PLAINTIFF

31. Plaintiff is a physician whose appointment to the medical staff of Virginia Hospital Center (the "Hospital"), located in Arlington, Virginia, was allegedly revoked based on malicious actions by Hospital officials, after a fictitious investigation was allegedly conducted, documents were forged, a committee was fabricated and

fictitious meetings were alleged to have been held.

32. The alleged revocation by the Hospital, if it did indeed occur, was taken in bad faith and malice and tainted by conflicts of interest.

33. On February 9, 2004, the Hospital reported to the NPDB a summary suspension of Plaintiff's clinical privileges pending the outcome of an investigation (Adverse Action Report 5500000032415784) ("Report No. 1"). Plaintiff contests the accuracy of the report.

34. On August 20, 2004, the Hospital reported the revocation of Plaintiff's clinical privileges and medical staff appointment. (Adverse Action Report 5500000034632196) ("Report No. 2"). Plaintiff contests the accuracy of the report.

35. On November 29, 2005 and on May 10, 2006, Plaintiff requested a Secretarial Review of reports No. 2 and 1, respectively.

36. The NPDB determined that both reports were legally insufficient and directed the Hospital to elaborate further on the facts.

37. On March 21, 2006, the Hospital voided Report No. 2 and replaced it with a more detailed one (Adverse Action Report 5500000041115021) ("Report No. 3"). Plaintiff contests the accuracy of the report.

38. By letter dated April 25, 2006 to the NPDB, Plaintiff initiated a dispute concerning Report No. 3 and filed his own statement for entry into the NPDB concerning the inaccuracy and incompleteness of the report.

39. On May 24, 2006, the Hospital replaced Report No. 1 with a more detailed one (Adverse Action Report 5500000041902990) ("Report No. 4"). Plaintiff contests the accuracy of the report.

40. By letter dated May 25, 2006, the NPDB informed Plaintiff that it elevated Report No. 4 to Secretarial Review.

41. Plaintiff has provided the NPDB with evidence demonstrating the inaccuracy and incompleteness of Reports 1 through 4.

42. On May 22, 2006, the Secretary completed its review of Report No. 3 and found it to be "accurate, complete, timely and relevant for agency purposes."

43. On June 9, 2006, the Secretary completed its review of Report No. 4 and found it to be "accurate, complete, timely and relevant for agency purposes."

44. Plaintiff contests the accuracy and completeness of Reports No. 3 and No. 4.

45. Defendant's review of Reports No. 3 and No. 4 was superficial and was not conducted in good faith.

46. Defendant's efforts in reviewing Reports No. 3 and No. 4 were inadequate and in violation of the Privacy Act, 5 U.S.C. § 552a.

47. The information about Plaintiff is not properly included in the records of the NPDB, because it is neither accurate nor complete.

48. The maintenance by DHHS of the inaccurate and incomplete information violates 5 U.S.C. § 552a(e)(1), which prohibits federal agencies which maintain a system of records from maintaining in its records information about an individual which is inaccurate, incomplete, untimely and irrelevant to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President.

49. DHHS can maintain records pertaining to an individual only with such timeliness, accuracy, relevance, and completeness as is reasonably necessary to assure fairness to the individual in determinations. 5 U.S.C. § 552a(e)(5)

50. DHHS is required by 5 U.S.C. § 552a(d)(2) to promptly correct inaccurate, untimely, incomplete, and irrelevant records or inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedure established by the agency for the individual to request review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official.

51. DHHS will disseminate the information it maintains about Plaintiff to private persons within the class of persons permitted to query the NPDB.

52. By letter dated November 29, 2005, Plaintiff formally requested from the NPDB to cease dissemination of Report No. 2.

53. By letter dated December 15, 2005 to Plaintiff, the NPDB refused to cease disseminating Report No. 2.

54. The dissemination by DHHS of the information it maintains about Plaintiff to private persons is in contravention of 5 U.S.C. § 552a(e)(6), which forbids agencies of the federal government from disseminating, except under the Freedom of Information Act, a record about an individual to any person other than the agency unless the agency makes reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes.

55. "[T]he right to practice [medicine] is ... a very precious part of the liberty of an individual physician or surgeon. It may mean more than any property. Such a right is protected from arbitrary infringement by [the] Constitution." <u>Barsky v. Board of Regents</u>, 347 U.S. 442 (1954).

56. To the best of Plaintiff's information and belief, any state board, malpractice insurer,

7

professional society, or credentialing body which evaluates him as a medical professional is highly likely to or is required to query the NPDB.

57. Plaintiff reasonably believes that, should he be denied privileges by a hospital on the basis of the current reports, this denial of privileges will itself be a reportable event and will result in another NPDB entry which will reflect unfavorably upon him.

58. Plaintiff has already been denied privileges at a hospital based on Report No. 2.

59. Plaintiff has refrained from seeking medical privileges at other hospitals out of a justified fear of refusal of privileges, and a consequent report of refusal to the NPDB, based upon the inaccurate and incomplete information maintained by the NPDB.

60. The constraint on Plaintiff's ability to seek medical privileges has severely restrained his ability to make a living and pursue his chosen profession.

61. DHHS will continue to disseminate Reports No. 3 and 4 on Plaintiff to private persons within the class of persons permitted to query the NPDB.

### COUNT I
### (Violation of 5 U.S.C. § 552a(d)(3))

62. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 61 of the Complaint.

63. DHHS has refused to amend the records as requested by Plaintiff.

64. DHHS has willfully and intentionally failed to make reasonable efforts to ensure that the reports maintained about Plaintiff are accurate and complete.

65. DHHS's actions are in violation of 5 U.S.C. § 552a(d)(3).

66. DHHS's failure to make such reasonable efforts is actionable under 5 U.S.C. § 552(g)(1)(A).

## COUNT II
### (Violation of 5 U.S.C. § 552a(e)(5))

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 66 of the Complaint.

68. DHHS maintains records about Plaintiff which are neither accurate nor complete.

69. DHHS has willfully and intentionally failed to make reasonable efforts to assure that the records it maintains about Plaintiff are accurate and complete.

70. DHHS has willfully and intentionally refused to amend the records about Plaintiff.

71. Because the records maintained by DHHS are inaccurate and incomplete, the records do not assure fairness to Plaintiff.

72. DHHS's actions are in violation of 5 U.S.C. § 552a(e)(5).

73. DHHS's actions are actionable under 5 U.S.C. § 552(g)(1)(D).

## COUNT III
### (Violation of 5 U.S.C. § 552a(e)(6))

74. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 73 of the Complaint.

75. DHHS may disseminate the reports on Plaintiff at any time.

76. DHHS has willfully and intentionally failed to make reasonable efforts to assure that the records it maintains about Plaintiff are accurate and complete.

77. DHHS has willfully and intentionally refused to amend the records about Plaintiff.

78. DHHS's actions are in violation of 5 U.S.C. § 552a(e)(6).

79. DHHS's actions are actionable under 5 U.S.C. § 552(g)(1)(D).

## DAMAGES

80. DHHS has acted and continues to act willfully and intentionally in maintaining and posing a threat of dissemination of the inaccurate and incomplete reports about Plaintiff.

9

81. Plaintiff is adversely affected by DHHS's continued willful and intentional acts, contrary to the Privacy Act requirements that the reports be accurate, complete, timely, and relevant.

82. Continued dissemination of the inaccurate and incomplete reports does adversely affect Plaintiff's present and future professional enhancement and has restricted his professional enhancement in the past.

83. Plaintiff has suffered and continues to suffer stress, mental anguish and emotional distress as a result of DHHS's actions.

84. Plaintiff has suffered and continues to suffer financially in his professional practice and in his professional reputation as a result of DHHS's actions.

## RELIEF REQUESTED

Wherefore, Plaintiff prays for the following relief based upon the foregoing:

85. Plaintiff requests an equitable order directing DHHS to void *ab initio* all reports it maintains about Plaintiff and notify all persons to whom any information about Plaintiff was released in the past of such voidance.

86. Alternatively, Plaintiff requests a determination that Reports No. 3 and 4 are inaccurate and incomplete. Under 5 U.S.C. § 552a(g)(2)(A), Plaintiff requests that DHHS be ordered:

   a. To amend Report No. 3 to state:

   In December 2003, the President of the Hospital suspended Practitioner's clinical privileges in bad faith and malice to obtain his silence as to malicious actions the Hospital had undertaken against him. This was followed by a fictitious investigation, a hearing undertaken in bad faith where Practitioner was not allowed to testify or to be adequately represented, and an appeal to a fictitious committee. In July 2004, Practitioner was informed that the Board of Directors of the hospital voted to revoke his medical staff appointment.

    Basis for Action: malice on the part of the Hospital.

    b. To amend Report No. 4 to state:

In December 2003, the President of the Hospital suspended Practitioner's clinical privileges in bad faith and malice to obtain his silence as to malicious actions the Hospital had undertaken against him.
Basis for Action: malice on the part of the Hospital.

87. Plaintiff requests that the Court issue a declaratory order to DHHS declaring unlawful further release of any information contained in Reports 3 and 4 until revised pursuant to this Court's order.

88. Under 5 U.S.C. § 552a(g)(2)(B), Plaintiff requests an award of his reasonable attorneys fees and other litigation costs reasonably incurred in pursuit of his claim under 5 U.S.C. § 552a(g)(1)(A) for failure to amend Plaintiff's record and failure to accord adequate review of his Privacy Act claims.

89. Under 5 U.S.C. § 552a(g)(4)(B), Plaintiff requests an award of his costs of the action and his reasonable attorney fees incurred in pursuit of his claims under 5 U.S.C. § 552a(g)(1)(C) and (D).

90. Under 5 U.S.C. § 552a(g)(4)(A), Plaintiff requests an award of his actual damages, to be determined at trial, sustained as a result of DHHS's actions.

JURY DEMAND
---

JURY DEMAND OF ALL ISSUES SO TRIABLE IS HEREBY MADE.

Respectfully submitted,

Date: March 17, 2008

Ziad Akl, M.D., F.A.C.P., *pro se*
10410 Glen Road
Potomac, MD 20854
Phone: (703) 981-3492
Fax: (703) 997-5674
*Pro se*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

08-461
RBW

## I (a) PLAINTIFFS
ZIAD AKL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)
88888

## DEFENDANTS
MICHAEL LEAVITT

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:08-cv-00461
Assigned To : Walton, Reggie B.
Assign. Date : 3/18/2008
Description: FOIA/Privacy Act

JURY ACTION

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ZIAD AKL, 10410 GLEN RD
PRO SE' POTOMAC MD 20854

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

③

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☒ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of Privacy Act 5 USC 552a

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 3/18/08   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd